IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **FAMILY DOLLAR, INC.,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. __2:20-cv-248__ |
| **AMERICAN ARBITRATION ASSOCIATION, INC.,** | § § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Family Dollar, Inc. ("Family Dollar") files this Complaint against the American Arbitration Association, Inc. ("AAA"), respectfully showing as follows.

### I.   INTRODUCTION

1. Last year one law firm ("the Law Firm") sought to initiate nearly 2,000 arbitrations with AAA against Family Dollar. The demands purportedly were made on behalf of current and former Family Dollar employees asserting claims under the Fair Labor Standards Act and state law equivalents. Hundreds of the claimants, however, had never been employed by Family Dollar. Of those who had been employed, many had released any claims through prior settlements or bankruptcies. Many of the demands were made after the applicable limitations period. Many other claimants had signed agreements to arbitrate before JAMS in lieu of AAA. Mass arbitration demands against employers with little regard of the claims' validity is not a proper use of the arbitration system where the arbitration filing fees may far exceed the merits of the claim.

2. None of the claims proceeded to arbitration. The Law Firm unilaterally withdrew hundreds of them when Family Dollar advised the Law Firm that claimants never worked at Family Dollar, that other claimants never agreed to proceed before AAA or that any claims were released

or untimely. The Law Firm withdrew the rest pursuant to a settlement. AAA contends that Family Dollar contractually agreed to pay it over $2.5 million in "administrative fees" for the demands even though the Law Firm withdrew them and arbitration never commenced. Family Dollar seeks a judicial declaration that there is no enforceable agreement between it and AAA for those fees.

## II. PARTIES

3. Family Dollar is a corporation formed under the laws of North Carolina with its principal place of business in Chesapeake, Virginia.

4. AAA is a corporation formed under the laws of New York with its principal place of business in New York, New York.

## III. JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332 because this is a dispute between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over AAA pursuant to Va. Code Ann. § 8.01-328.1(A)(1) and (A)(2). AAA transacts business in the Commonwealth of Virginia, and the claims in this action arise from that business. In particular, they arise from services that AAA contends it contracted with Family Dollar to provide in Virginia.

7. Venue is proper under 28 U.S.C. § 1391(b) because AAA resides in this judicial district within the meaning of that statute and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. AAA seeks to collect millions of dollars from a company in this district pursuant to an alleged contract that AAA allegedly has with that company and that allegedly arose from communications AAA purposefully directed to the company in this district and that allegedly required performance in this district.

## IV.     FACTUAL ALLEGATIONS

A.     **The arbitration demands against Family Dollar**

8.     Family Dollar operates more than eight thousand retail stores and has tens of thousands of employees.  Its employees sign arbitration agreements as a condition of their employment.

9.     In July 2019, the Law Firm issued 970 arbitration demands against Family Dollar.  It issued an additional 992 demands in September, for a total of 1962 demands.  The demands purported to be made on behalf of present and former Family Dollar employees.  The demands sought arbitration before AAA.

10.     The demands did not comply with Family Dollar's arbitration agreements.  The agreements require an employee to tender the demand to Family Dollar.  If Family Dollar and the employee thereafter do not resolve the dispute, Family Dollar is to file the demand with a mutually agreeable arbitral tribunal.  The agreements do not permit what the Law Firm did—bypass Family Dollar and directly demand arbitration before AAA.

11.     The demands also did not comply with AAA's requirements for a valid demand.  AAA's rules require a valid demand to include the amount of damages sought and a copy of the arbitration agreement pursuant to which the demand has been made.  The demands failed to specify any amount of damages sought and did not include any arbitration agreements.

12.     Many of the demands were defective in other respects as well.  Numerous claimants had never been employed by Family Dollar and therefore there was no agreement to arbitrate between Family Dollar and the claimant.  Others who had been employed released any claims through prior settlements or bankruptcies.  Many of the demands were filed after the applicable limitations period.

13. Family Dollar told AAA the demands were not proper because of these deficiencies and AAA did not commence to arbitrate them. AAA did not provide Family Dollar claim numbers for the demands. Family Dollar did not file answers to any of the demands. AAA did not circulate strike lists of potential arbitrators. No arbitrators were ever appointed.

14. Family Dollar and the Law Firm eventually resolved the disputes without arbitration by AAA. The Law Firm unilaterally withdrew many of the demands. It withdrew the rest pursuant to a settlement with Family Dollar.

**B.     AAA's demand that Family Dollar owes fees for the demands**

15. On May 5, 2020, months after the demands were resolved without arbitration, AAA sent Family Dollar a letter demanding payment of $2,565,200 in fees allegedly owing and overdue. The letter states that AAA will undertake to "enforce collection" of that amount unless Family Dollar pays the sum in full. A copy of the letter is attached hereto as Exhibit A.

16. AAA's letter does not include an invoice and does not explain what the fees represent. However, it appears that the sum demanded represents an administrative fee of $2,200 that AAA claims Family Dollar allegedly owes for 1,166 of the arbitration demands ($2,200 x 1,166 = $2,565,200).

17. AAA's letter does not explain the legal basis for Family Dollar's alleged liability for the administrative fees. The only potential basis for liability the letter references is an email exchange between Family Dollar and AAA that the demand letter implies created a contractual obligation on Family Dollar. The letter asserts that Family Dollar "offered" to pay $2,565,200 in an email on November 21, 2019 and that AAA "accepted" the alleged offer in an email on

December 2, 2019. Copies of the referenced emails are attached hereto as Exhibits B and C, respectively.[1]

18. The email exchange does not create a binding contract and does not otherwise obligate Family Dollar to pay $2,565,200, or any other amount. Family Dollar and AAA had been discussing which AAA fee structure would apply to the demands if they went forward. AAA maintained its fee would be $2,200 per demand. Family Dollar thought a lesser fee pursuant to a new schedule AAA implemented for mass arbitrations was appropriate. The November 21 email merely states Family Dollar's willingness to advance the higher fees if AAA agreed to refund them to the extent arbitration on the demands did not proceed to arbitration.

19. That email does not form a contract. The email is not supported by consideration. Nor did AAA accept the alleged "offer" in the email. Family Dollar's email stated that payment was conditioned on AAA's returning the administrative fees to the extent the cases did not go forward. AAA's email did not accept that condition. So even if Family Dollar's email were a contractual offer, there was no acceptance and meeting of the minds as are necessary for an enforceable contract. Further, Family Dollar would not owe any amount even if AAA had accepted the alleged "offer." None of the 1,166 cases went forward—the Law Firm withdrew them all before any proceedings occurred before AAA—so AAA would be obligated to refund all of the fees even if the November 21 email were the basis for an enforceable contract.

20. Rather than accept Family Dollar's alleged "offer," AAA's December 2, 2019 email said that it would proceed with administration of the 1,166 cases only upon receipt of the $2,565,200. That sum was never paid and AAA did not proceed with administration of any of the 1,166 cases. The position in the December 2nd email is contrary to that asserted in AAA's demand

---

[1] Personal identification information of the claimants and the Law Firm have been redacted in these and the other exhibits.

5

letter. Contrary to the demand letter, AAA's December 2 email does not maintain AAA is legally entitled to $2,565,200 or any other sum. The email states merely that AAA will not administer the arbitrations unless and until it receives $2,565,200. It other words, AAA was stating its price to be the arbitral tribunal. A price quote does not legally bind a prospective customer.

21. AAA subsequently confirmed that it did not expect to receive the administrative fees for cases that did not go forward. The Law Firm notified AAA shortly after its December 2 email that it was withdrawing an additional two of the 1,166 cases because they were filed after the applicable statute of limitations. In response, in an email dated December 12, 2019, AAA acknowledged that it would administer the remaining 1,164 claims upon payment of the reduced sum of $2,560,800. This reduced amount reflected the elimination of $4,400 in administrative fees for the two withdrawn cases. A copy of AAA's December 12, 2019 email is attached hereto as Exhibit D.

22. Family Dollar told AAA by email later that month that a further 29 claims were withdrawn as settled, which reduced the number of demands to 1,135. It told AAA that additional claims would be expected to be withdrawn shortly. A copy of Family Dollar's email is attached hereto as Exhibit E.

23. AAA responded in an email on December 30, 2019. AAA's response did not maintain that it is entitled to the $2,565,200 claimed in AAA's demand letter, or the reduced fees mentioned in AAA's December 12 email, or any fees at all. Instead, AAA asked the parties to inform it when they had a list of cases and were ready to proceed. A copy of AAA's December 30, 2019 email is attached hereto as Exhibit F.

24. None of the remaining cases moved forward with arbitration after December 30, 2019. Family Dollar and the Law Firm resolved them without arbitration. The Law Firm informed

6

AAA of this by letter dated January 28, 2020 and instructed AAA to take no action with respect to those cases. A copy of the January 28, 2020 letter is attached hereto as Exhibit G.

25. A month later, on February 21, 2020, AAA sent an invoice for $681,000 to Family Dollar's outside counsel. The invoice says the amount represents AAA's "Initial Administrative Filing Fees" for 1,135 claimants. The invoice was sent after AAA knew no administrative work was needed; as more than three weeks before AAA sent the invoice the Law Firm had notified AAA that the parties had reached a settlement in principle and that no action should be taken with respect to the arbitration demands. A copy of the invoice is attached hereto as Exhibit H.

26. AAA's demand letter says the invoice was an "offer[] to reduce AAA's entitlement" to $681,000. The invoice does not support the demand letter's spin. Neither the invoice sent by AAA nor its cover email indicated that AAA was offering any kind of accommodation or compromise. The invoice merely described the charge as, "Respondent's Initial Administrative Filing Fees." The invoice says nothing about Family Dollar owing fees for 1,166 claims as the demand letter asserts. It does not say AAA is entitled to $2,565,200 and makes no mention of an offer to reduce AAA's "entitlement." AAA's demand letter is revisionist history to try to disguise that AAA is not legally entitled to the $2,565,200, or any other sum, and has fabricated its demand out of whole cloth.

V. CAUSE OF ACTION

27. Family Dollar realleges and incorporates the preceding paragraphs as if fully set forth herein.

28. An actual controversy exists between Family Dollar and AAA. AAA contends that Family Dollar entered a contract with it which obligated Family Dollar to pay $2,565,200. Family Dollar disputes that it is contractually obligated to AAA and maintains that it does not owe AAA

any sums for the arbitration demands.  Family Dollar seeks relief from the uncertainty and insecurity attendant upon this controversy over its legal rights and obligations.

29. To resolve that controversy Family Dollar seeks a judicial declaration of its rights and obligations to AAA under 28 U.S.C. § 2201.

30. Family Dollar seeks a declaratory judgment that it has no contract with AAA and that it has no obligation, by contract or on any other grounds, to AAA to pay any portion of the $2,565,200 AAA demands.

## VI. REQUEST FOR RELIEF

31. Family Dollar respectfully requests that the Court award relief as follows:

   (a) A declaratory judgment that Family Dollar has no contract with AAA and has no obligation to pay any portion of the $2,565,200 demanded by AAA;

   (b) Its costs incurred in bringing this action; and

   (c) All other relief to which it is entitled.

**TRIAL BY JURY IS REQUESTED.**

Respectfully submitted,

/s/ Michael R. Shebelskie
Lewis F. Powell III (VSB No. 18266)
Michael R. Shebelskie (VSB No. 27459)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200; Fax:  (804) 788-8218
lpowell@HuntonAK.com
mshebelskie@HuntonAK.com

Wendy C. McGraw (VSB No. 37880)
HUNTON ANDREWS KURTH LLP
500 E. Main Street, Suite 1301
Norfolk, Virginia  23510
Telephone:  (757) 640-5300; Fax:  (757) 625-7720
wmcgraw@HuntonAK.com

**ATTORNEYS FOR PLAINTIFF
FAMILY DOLLAR, INC.**