**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **FAMILY DOLLAR, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case No. 2:20-cv-248** |
| | § | |
| **AMERICAN ARBITRATION** | § | |
| **ASSOCIATION, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**FAMILY DOLLAR, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AMERICAN ARBITRATION ASSOCIATION, INC.'S COUNTERLAIM**

Lewis F. Powell III (VSB No. 18266)
Michael R. Shebelskie (VSB No. 27459)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street – East Tower
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
lpowell@HuntonAK.com
mshebelskie@HuntonAK.com

Wendy C. McGraw (VSB No. 37880)
HUNTON ANDREWS KURTH LLP
500 E. Main Street, Suite 1301
Norfolk, Virginia  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
wmcgraw@HuntonAK.com

**ATTORNEYS FOR PLAINTIFF**
**FAMILY DOLLAR, INC.**

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................... ii

I.     Preliminary Statement ........................................................................................1

II.    AAA's Factual Allegations .................................................................................2

       A.     The Parties ...............................................................................................2

       B.     The Arbitration Agreements ....................................................................2

       C.     The AAA's Demand For Payment ...........................................................3

III.   Legal Standards ..................................................................................................4

IV.    Choice of Law ....................................................................................................5

       A.     The breach of contract count is governed by Virginia law .....................5

       B.     The unjust enrichment count is governed by Virginia law .....................6

V.     Argument ............................................................................................................8

       A.     The Counterclaim Does Not Allege A Valid Third Party Beneficiary
              Claim Because The Arbitration Agreements Defeat AAA's Argument
              That It Is An "Intended Beneficiary." .....................................................8

       B.     The Counterclaim Does Not Allege A Valid Unjust Enrichment Claim
              Because AAA Does Not Allege Facts Showing It Benefitted Family
              Dollar .....................................................................................................13

VI.    Conclusion ........................................................................................................17

# Table of Authorities

**Page(s)**

**Cases**

*Allen v. Lindstrom,*
 237 Va. 489, 379 S.E.2d 450 (1989) ........................................................................9

*Am. Trust Co. v. Catawba Sales & Processing Co.,*
 242 N.C. 370, 88 S.E.2d 233 (N.C. 1955) ...........................................................10, n.2

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ..................................................................................4, 5, 15

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ..................................................................................4, 5, 15

*BIS Computer Solutions, Inc. v. City of Richmond,*
 122 F. App'x 608 (4th Cir. 2005) ...............................................................................9

*Canal Ins. Co. v. Lebanon Ins. Agency, Inc.,*
 504 F. Supp. 2d 113 (W.D. Va. 2007) ...................................................................10, n.2

*CGI Fed. Inc. v. FCi Fed., Inc.,*
 295 Va. 506, 814 S.E.2d 183 (2019) .......................................................................16

*Chapman v. Asbury Auto. Grp., Inc.,*
 No. 3:15cv679, 2016 U.S. Dist. LEXIS 121043 (E.D. Va. Sept. 7, 2016) ........................14, 16

*Collins v. First Union Nat'l Bank,*
 272 Va. 744, 636 S.E.2d 442 (2006) .........................................................................8

*Davis v. George Mason Univ.,*
 395 F. Supp. 2d 331 (E.D. Va. 2005) ....................................................................3, n.1

*Dominion Surgical Specialists, LLC v. Carefirst Blue Cross Blue Shield Ins. Co.,*
 No. 1:19cv01547, 2020 U.S. Dist. LEXIS 95998 (E.D. Va. Feb. 19, 2020) ........................14, 15

*Environmental Staffing v. B & R Const. Mgmt,*
 283 Va. 787, 725 S.E.2d 550 (2017) .......................................................................8, 9

*Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.,*
 514 F.2d 565 (4th Cir. 1975) ..................................................................................5

*First Virginia Banks, Inc. v. BP Exploration & Oil, Inc.,*
 206 F.3d 404 (4th Cir. 2000) ..................................................................................9

*Frye v. Commonwealth,*
 231 Va. 370, 345 S.E.2d 267 (1986) .........................................................................6

*G41 Consulting, Inc. v. Nana Services, LLC*,
  No. 1:11cv810, 2012 U.S. Dist. LEXIS 67293 (E.D. Va. May 14, 2012)................................7

*Gasner v. County of Dinwiddie*,
  162 F.R.D. 280 (E.D.Va.1995) ...............................................................................3, n.1

*Hair Club For Men LLC v. Ehson*,
  No. 1:16cv236, 2016 U.S. Dist. LEXIS 118069 (E.D. Va. Aug. 31, 2016) ..........................15

*Hunter Innovations Co. v. The Travelers Indemnity Co. of Connecticut*,
  753 F. Supp.2d 597 (E.D. Va. 2010) ........................................................................5

*James Davis Constr. Corp. v. FTJ, Inc.*,
  841 S.E.2d 642 (2020) .................................................................................13, 14

*Jeffrey J. Nelson & Assocs. v. LePore*,
  No. 4:11cv75, 2012 U.S. Dist. LEXIS 93097 (E.D. Va. July 5, 2012) ..........................5, 7, 17

*Jones v. Bank of Am. Corp.*,
  No. 4:09cv162, 2010 U.S. Dist. LEXIS 142918 (E.D. Va. Aug. 24, 2010) ..........................16

*Kelly Healthcare v. Prudential*,
  226 Va. 376, 309 S.E.2d 305 (1983)........................................................................13

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941)..............................................................................................5

*McMillan v. McMillan*,
  219 Va. 1127, 253 S.E.2d 662 (1979).......................................................................6

*Microstrategy, Inc. v. Netsolve, Inc.*,
  368 F. Supp. 2d 533 (E.D. Va. 2005) ......................................................................14

*Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*,
  738 F.3d 95 (4th Cir. 2013) ...................................................................................6

*RCI Contractors & Eng., Inc. v. Joe Rainero Tile Co., Inc.*,
  677 F. Supp. 2d 914 (W.D. Va. 2010) .....................................................................10

*Rosetta Stone Ltd. v. Google Inc.*,
  732 F. Supp. 2d 628 (E.D. Va. 2010) ......................................................................14

*Schmidt v. Household Fin. Corp. II*,
  276 Va. 108, 661 S.E.2d 834 (2008)........................................................................16

*Scott & Stringfellow, LLC v. AIG Commercial Equip. Finance, Inc.*,
  No. 3:10cv825-HEH, 2011 U.S. Dist. LEXIS 38554 (E.D. Va. Apr. 8, 2011) ........................7

*T. Musgrove Constr. Co. v. Young*,
    840 S.E.2d 337 (2020) .........................................................7, 14, 16, 17

*Tessler v. NBC*,
    No. 09-1495, 2010 U.S. App. LEXIS 2397 (4th Cir. 2010) ......................6

*The Hanover Ins. Co. v. Corrpro Companies, Inc.*,
    312 F. Supp. 2d 816 (E.D. Va. 2004) ....................................................9

*Valley Landscape Co. v. Rolland*,
    218 Va. 257, 237 S.E.2d 120 (1977).....................................................8, 9

*Van Rensselaer v. GMC*,
    223 F. Supp. 323 (E.D. Mich. 1962).......................................................6

*Village Builders on the Bay, Inc. v. Cowling*,
    321 F. Supp. 3d 624 (E.D. Va. 2018) ...................................................14

*Vogel v. Reed Supply Co.*,
    277 N.C. 119, 177 S.E.2d 273 (N.C. 1970) ...................................10, n.2

*Williams v. AES Corp.*,
    28 F. Supp. 3d 553 (E.D. Va. 2014) ........................................10, 11, 13

*Wilson & Co. v. Douredoure*,
    154 F.2d 442 (3d Cir. 1946).....................................................................6

*Zuberi v. Hirezi*,
    No. 1:16cv1077, 2017 WL 436278 (E.D. Va. Jan. 30, 2017)................10

**Other Authorities**

Restatement (First) of Conflict of Laws § 453 .............................................6

Restatement (Third) of the Law of Restitution and Unjust Enrichment, § 1 (2011) ....................13

C. Kovacic-Fleischer, *Quantum Meruit and the Restatement (Third) of Restitution and Unjust Enrichment*, 27 Review of Litigation 127 (2007) ...................7

## I.  Preliminary Statement

Family Dollar does not owe AAA anything.  Family Dollar did not make the arbitration demands at issue.  Nor did it ask AAA to proceed with them.  Just the opposite.  Family Dollar insisted the demands were improper and told AAA it should stand down and do nothing.  And as it happened, the demands were not arbitrated.  As AAA admits, the claimants withdrew several hundred of them shortly after tendering them.  The rest were settled before AAA appointed a single arbitrator.

AAA nonetheless greedily demands that Family Dollar pay it millions of dollars in "administrative fees."  AAA, however, does not allege that it has a contract with Family Dollar.  AAA relies instead on two alternative theories of recovery.  One asserts AAA is a third party beneficiary of the arbitration agreements between Family Dollar and its employees.  The other asserts that Family Dollar has somehow been unjustly enriched.  Both counts fail as a matter of law.

•  AAA's third party beneficiary count founders on the fact that the arbitration agreements do ***not*** require Family Dollar and its employees to arbitrate before the AAA.  They call for arbitration before the AAA only if Family Dollar and the concerned employee cannot agree on any other arbitrator.  It cannot be said in consequence that Family Dollar and its employees entered their arbitration agreements for the purpose of benefitting AAA—the test for third party beneficiary status—when the agreements do not even require using AAA.  AAA is at most a contingent incidental beneficiary that has no enforceable rights under the arbitration agreements.

•  AAA's unjust enrichment count fails because AAA has not alleged a benefit it conferred on Family Dollar.  The conferral of a benefit by the plaintiff on the defendant is a *sine qua non* of an unjust enrichment claim.  AAA makes a conclusory assertion that it benefitted

Family Dollar, but AAA alleges no facts that plausibly suggest that is true. The counterclaim's failure to identify a benefit that AAA conferred on Family Dollar is fatal.

The Court accordingly should dismiss AAA's counterclaim. If AAA did anything in response to the demands, it did so as a volunteer. Those voluntary acts did not render AAA a third party beneficiary of Family Dollar's bilateral contracts with its employees. Nor did they unjustly enrich Family Dollar.

This does not mean AAA must conduct future arbitrations without being paid. AAA is fully within its rights not to act on an arbitration demand until it receives whatever administrative fees it wants. Indeed, AAA admits it can freely suspend or terminate proceedings for non-payment. *See* Counterclaim ¶ 54 (citing AAA Rule 47). AAA's protection comes from its power to "say no," not from strained legal theories conjured after the fact.

## II. AAA's Factual Allegations

### A. The Parties

There are two parties. Counterclaim plaintiff, AAA, is a private corporation that administers arbitration proceedings. Counterclaim ¶ 48. Counterclaim defendant, Family Dollar, owns and operates retail stores. It is headquartered in Virginia. Counterclaim ¶ 45.

### B. The Arbitration Agreements

In 2019, a single law firm tendered 1,962 arbitration demands with AAA on behalf of persons claiming to be present or former employees of Family Dollar. It tendered them in two installments, in July and September. Counterclaim ¶¶ 68–69, 96.

The demands purportedly were made pursuant to arbitration agreements between Family Dollar and the claimants. Counterclaim ¶ 58. There are three versions of the arbitration agreements. Counterclaim ¶ 62. Copies of those three versions are attached hereto as **Exhibits A,**

**B,** and **C**.  *See* Declaration of Michael R. Shebelskie, ¶ 2 ("Shebelskie Dec.") (authenticating agreements).[1]

The arbitration agreements do not require arbitration before the AAA.  The arbitration agreements provide that in order for an employee to initiate arbitration, the employee must submit via certified mail a written "Request for Arbitration" to Family Dollar within the applicable limitation period.  **Exhibits A, B** and **C**, § 4.  In the event the dispute is not resolved following submittal of the Request for Arbitration, the agreements provide that Family Dollar and the concerned employee "shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual consent."  *Id*. § 8.  The agreements identify AAA as the arbitration sponsoring organization only if Family Dollar and the employee are not able to mutually agree on an arbitrator or arbitration sponsoring organization.  *Id*.

### C.     The AAA's Demand For Payment

AAA does not contend the claimants gave Family Dollar the required Request for Arbitration or otherwise complied with the arbitration agreements.  Nor does AAA allege that Family Dollar asked AAA to administer the demands.  To the contrary, Family Dollar objected to AAA's acting on the demands.  As documented in the emails between Family Dollar and AAA itemized in ¶ 72 of the counterclaim, Family Dollar maintained that none of the demands was proper.  Copies of these emails are included as Exhibit D.  *See* Shebelskie Dec. ¶ 3 (authenticating emails).  As Family Dollar explained in the emails, Family Dollar never employed many of the

---

[1] The Court can consider these exhibits in connection with Family Dollar's Rule 12(b)(6) motion, even though they are not attached to AAA's counterclaim, because AAA relies on them for its breach of contract count.  *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005) ("Any documents referenced in the complaint can properly be attached to Defendant's Motion to Dismiss."); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D.Va.1995)) ("In the Eastern District of Virginia, 'when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.'").

claimants and had no arbitration agreement with them. Family Dollar already had settled with some of the claimants who had released it. None of the claimants followed the procedures required by the arbitration agreements and AAA's own rules. *See* Counterclaim ¶¶ 77–78.

In any event, the demands were resolved without AAA's appointing an arbitrator for any of them. The claimants withdrew hundreds of them voluntarily. The rest were settled. Counterclaim ¶¶ 83, 97.

AAA thereafter sent Family Dollar an invoice. AAA claimed fees totaling $681,000 in the invoice. Counterclaim ¶ 86. The amount equated to a $600 fee for 1,135 demands. Family Dollar did not pay the invoice. Counterclaim ¶ 88.

AAA now claims the invoice was a settlement offer. Counterclaim ¶ 86. It now seemingly seeks as much as $2,565,200. That represents a $2,200 fee for 1,166 demands. Counterclaim ¶97.

## III. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim as pled. To be sufficient, a claim must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . do not suffice.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly* 550 U.S. at 555.

The claim must include "sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Iqbal*, 556 U.S.at 678, quoting *Twombly*, 550 U.S. at 570. A sheer "possibility that a defendant has acted unlawfully" is insufficient. *Id*. The factual content must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must conduct a "context specific" analysis drawing on "its

judicial experience and common sense" to determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Id*. at 679-80.

And though the Court must accept a claimant's factual allegations as true, the Court does not accept the claimant's legal conclusions as true. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. That includes legal conclusions "couched as a factual allegation." *Id.*, quoting *Twombly*, 550 U.S. at 555. The Court "must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth." *Jeffrey J. Nelson & Assocs. v. LePore,* No. 4:11cv75, 2012 U.S. Dist. LEXIS 93097, at *12 (E.D. Va. July 5, 2012).

## IV.    Choice of Law

### A.    The breach of contract count is governed by Virginia law.

The Court should apply Virginia law to AAA's breach of contract count. Federal courts apply the choice of law rules of their forum state in diversity cases such as this. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). For contract claims like AAA's that concern the performance of a contract, the law of the place of performance controls. *Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975) ("Virginia adheres to the principle that the law of the place of performance governs questions arising in connection with the performance of a contract."); *Hunter Innovations Co. v. The Travelers Indemnity Co. of Connecticut*, 753 F. Supp.2d 597, 604 (E.D. Va. 2010) (Virginia choice of law generally applies the law of the place where the contract was made; however, where a contract was made in one jurisdiction but performed in another, the law of the place of performances governs the contract").

Family Dollar is headquartered in Virginia. Counterclaim ¶ 45. Virginia, therefore, is the place where Family Dollar would make the performance AAA contends the arbitration agreements

require of it.  It is in and from Virginia that Family Dollar would pay the fees AAA contends are owed.

Family Dollar notes that it was headquartered in North Carolina when it entered the arbitration agreements at issue.  As explained in the next section, however, North Carolina follows the same substantive test as Virginia for third party beneficiary status.  So even if North Carolina were considered the expected place of performance for conflicts purposes, Virginia law still would apply.  The law of the forum—here, Virginia—applies where there is no true conflict between the forum's law and a competing forum.  *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 101 (4th Cir. 2013) ("[c]hoice of law analysis becomes necessary . . . only if the relevant laws of the different states lead to different outcomes") (citations omitted).

**B.      The unjust enrichment count is governed by Virginia law.**

The Court should apply Virginia law to AAA's unjust enrichment count.  Virginia follows traditional choice of law principles.  *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 271 (1986) (Virginia "adheres to the use of traditional rules applicable to conflicts of laws."). *Accord, Tessler v. NBC*, No. 09-1495, 2010 U.S. App. LEXIS 2397 at * 7 (4th Cir. 2010) (following *Frye*); *McMillan v. McMillan*, 219 Va. 1127, 1129–31, 253 S.E.2d 662, 663–64 (1979) (rejecting the "most significant relationship" analysis adopted by the Restatement (Second) of Conflict of Laws).

Under traditional choice of law rules, "the law of the place of enrichment" governs an unjust enrichment claim.  Restatement (First) of Conflict of Laws § 453.  *Accord Wilson & Co. v. Douredoure*, 154 F.2d 442, 444 (3d Cir. 1946) (applying § 453); *Van Rensselaer v. GMC*, 223 F. Supp. 323, 329 (E.D. Mich. 1962) (same).  The alleged place of enrichment here is Virginia, where Family Dollar is located.

In the absence of a definitive ruling by the Supreme Court of Virginia specifically addressing the choice of law rule for unjust enrichment claims, this Court has sometimes applied *lex loci contractus*—the traditional choice of law rule for contract claims—to unjust enrichment claims. *E.g., Jeffrey J. Nelson & Assocs. v. LePore*, No. 4:11cv75, 2012 U.S. Dist. LEXIS 93097 at \*24 (E.D. Va. July 5, 2012); *Scott & Stringfellow, LLC v. AIG Commercial Equip. Finance, Inc.*, No. 3:10cv825-HEH, 2011 U.S. Dist. LEXIS 38554, at \*12–13 (E.D. Va. Apr. 8, 2011). On other occasions it has applied *lex loci deliciti*, the traditional choice of law rule for tort claims. *E.g., G41 Consulting, Inc. v. Nana Services, LLC*, No. 1:11cv810, 2012 U.S. Dist. LEXIS 67293, at \*11 (E.D. Va. May 14, 2012).

Those decisions did not explain why they applied *lex loci contractus* or *lex loci delicti* instead of the traditional rule stated in § 453 of the Restatement that applies specifically to unjust enrichment claims. They also overlook that unjust enrichment is neither a contract nor a tort claim. As the Supreme Court of Virginia recently explained, unjust enrichment (also referred to as a contract implied in law, or a quasi-contract) "***is not a contract***, but an action in restitution in which the defendant received a gain at plaintiff's expense under circumstances that make it unjust for the defendant to keep the gain." *T. Musgrove Constr. Co. v. Young*, 840 S.E.2d 337, 341 n.3 (2020) (quoting C. Kovacic-Fleischer, *Quantum Meruit and the Restatement (Third) of Restitution and Unjust Enrichment*, 27 Review of Litigation 127, 132–33 (2007)) (emphasis added).

Nonetheless, Virginia law would apply even under *lex loci contractus* or *lex loci delicti*. Any implied contract for Family Dollar to pay AAA "arose" in Virginia (*lex loci contractus*) on account of Family Dollar's receipt of alleged benefits here. The place of Family Dollar's alleged wrongdoing (*lex loci delicti*) is likewise Virginia, because Family Dollar's refusal to pay for the benefit AAA allegedly bestowed occurred in Virginia.

## V.     Argument

Both counts of AAA's counterclaim fail under the governing standards.  AAA has pled formulaic labels devoid of the facts necessary to state a valid cause of action under either count.

### A.     The Counterclaim Does Not Allege A Valid Third Party Beneficiary Claim Because The Arbitration Agreements Defeat AAA's Argument That It Is An "Intended Beneficiary."

AAA's breach of contract count is based on the premise that AAA is a third party beneficiary of the arbitration agreements between Family Dollar and its employees.  The count fails because the arbitration agreements demonstrate that premise is incorrect.

Plausibly pleading third party beneficiary status is exacting.  It is not sufficient that the claimant "would receive a benefit from [the contract's] performance" or would be "injured by a breach thereof."  *Valley Landscape Co. v. Rolland*, 218 Va. 257, 262, 237 S.E.2d 120, 123 (1977).  Such a person is merely an "incidental beneficiary" that has no rights under the contract.  "A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or promisee."  *Environmental Staffing v. B & R Const. Mgmt*, 283 Va. 787, 795, 725 S.E.2d 550, 555 (2017) (quoting, *Valley Landscape*, 218 Va. at 262, 237 S.E.2d at 123–24).

To be a third party beneficiary, "the provision sought to be invoked must have been ***inserted in the contract directly or primarily for [the third party's] benefit*.**"  *Id.* (emphasis added).  The Supreme Court of Virginia has explained this principle:

> [T]he controlling principle of law here involved is that one not a party to a contract can sue for a breach thereof ***only when the condition which is alleged to have been broken was placed in the contract for his direct benefit***.

*Environmental Staffing*, 283 Va. at 795, 725 S.E.2d at 555.  The third party beneficiary "must show that the contracting parties ***clearly and definitely intended that the contract confer a benefit on him*.**"  *Collins v. First Union Nat'l Bank*, 272 Va. 744, 751, 636 S.E.2d 442, 446 (2006) (emphasis added).

The Fourth Circuit and this District have embraced this rule. *E.g.*, *First Virginia Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 408 (4th Cir. 2000) (applying Virginia law) (party that seeks to enforce a contract as a third party beneficiary "must show that the parties to the underlying agreement 'clearly and definitely intended to bestow a direct benefit' upon it."); *The Hanover Ins. Co. v. Corrpro Companies, Inc.*, 312 F. Supp. 2d 816, 820 (E.D. Va. 2004) ("In order to collect damages under a third-party beneficiary theory in Virginia, a claimant must show that 'others have agreed between themselves to bestow a benefit upon the third party'") (citations omitted).

Applying these principles, state and federal courts in Virginia have rejected third party beneficiary claims in a wide range of cases despite the fact performance of the contracts would benefit the claimants. *E.g.*, *Valley Landscape*, 237 S.E.2d 120 (contractor was not third party beneficiary of contract between owner and architect); *Allen v. Lindstrom*, 237 Va. 489, 379 S.E.2d 450 (1989) (prospective purchaser was not third party beneficiary of contract between seller and listing agent and could not sue listing agent for breach of contract in failing to communicate offer to seller); *Env. Staffing*, 283Va. at 795–96, 725 S.E.2d at 555 (subcontractor was not third party beneficiary of contract between developer and general contractor that required general contractor to secure a performance bond, even though the performance bond would have protected subcontractor); *First Virginia Banks*, 206 F.3d 404 (4th Cir. 2000) (adjoining landowner was not third party beneficiary of settlement agreement between owner and party responsible for petroleum discharge, even though settlement contemplated clean-up that would minimize impact on plaintiff's property); *BIS Computer Solutions, Inc. v. City of Richmond*, 122 F. App'x 608 (4th Cir. 2005) (subcontractor was not third party beneficiary of contract between City and computer contractor, even though subcontractor was specifically identified in the contract and the contract

prohibited any change to the subcontractor without City's written consent); *Zuberi v. Hirezi*, No. 1:16cv1077, 2017 WL 436278 (E.D. Va. Jan. 30, 2017) (home purchaser was not a third party beneficiary of contract between seller and contractor that certified that home was structurally sound).

To plead a valid third party beneficiary claim, therefore, a plaintiff must allege facts that plausibly demonstrate that the contracting parties entered the contract at issue for the direct purpose of bestowing a benefit on the plaintiff. A claim lacking these facts fails. *E.g., Williams v. AES Corp.*, 28 F. Supp. 3d 553, 569–70 (E.D. Va. 2014) (third party beneficiary claim dismissed where plaintiff did not plead facts showing it was an intended beneficiary of the contract); *RCI Contractors & Eng., Inc. v. Joe Rainero Tile Co., Inc.*, 677 F. Supp. 2d 914, 916 (W.D. Va. 2010) ("The Amended Complaint fails to state a third-party beneficiary claim because it lacks any facts that create a plausible inference that Rainero and Kaiser specifically contracted to bestow a benefit upon RCI").[2]

The counterclaim does not plead these necessary facts. The counterclaim does not even allege that Family Dollar and its employees entered the arbitration agreements for the purpose of bestowing a benefit on AAA, much less allege facts that make that inference plausible. The counterclaim states merely that the arbitration agreements "reference" AAA. Counterclaim ¶ 61. Being mentioned in a contract is not the test for third party beneficiary status. It falls far short of

---

[2] North Carolina follows the same test for third party beneficiary status. Under North Carolina law, "to obtain the status of a third-party beneficiary to a contract a person must establish (1) the existence of a contract between two other parties; (2) the contract was valid and enforceable; and (3) the contract was entered into ***for his or her direct, and not incidental, benefit***." *Canal Ins. Co. v. Lebanon Ins. Agency, Inc.*, 504 F. Supp. 2d 113, 119 (W.D. Va. 2007), citing *Am. Trust Co. v. Catawba Sales & Processing Co.*, 242 N.C. 370, 88 S.E.2d 233, 240–41 (N.C. 1955) (emphasis added). "***It is not sufficient that the contract does benefit him if in fact it was not intended for his direct benefit***." *Vogel v. Reed Supply Co.*, 277 N.C. 119, 177 S.E.2d 273, 279 (N.C. 1970) (emphasis added).

"clearly and definitely" showing Family Dollar and its employees entered the arbitration agreements for the purpose of directly benefiting AAA.

Indeed, any allegation that Family Dollar and its employees entered the arbitration agreements for that purpose would be implausible on its face as the agreements do ***not*** require arbitration before the AAA. The arbitration agreements provide as follows: "The parties shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual agreement." **Exhibits A, B** and **C** at § 8. So literally anyone in the world can be the arbitrator. That includes the hundreds of organizations in just the United States that facilitate arbitrations, such as JAMS, McCammon Mediation, etc. In fact, the agreements do not require Family Dollar and the employees to use an arbitration organization at all. They can agree to use the countless number of retired judges and practicing attorneys who can be retained individually to arbitrate. The agreements identify AAA as the default arbitral tribunal only if the parties cannot identify anyone else in the world.

AAA thus comes into play only if all these contingencies occur: (1) a dispute arises between Family Dollar and an employee; (2) one of the disputants elects to pursue arbitration of the dispute; (3) the disputant timely sends a "Request for Arbitration" to the other; (4) Family Dollar and the employee thereafter do not resolve the dispute and agree to proceed to arbitration; and (5) Family Dollar and the employee cannot agree on anyone else in the world to conduct the arbitration. That inchoate, remote contingency is the polar opposite of a "clear and definite" intent to bestow an enforceable benefit on AAA. As this Court wrote in *Williams* in dismissing a third party beneficiary claim: "A ***potential*** or incidental beneficiary of a contract has no standing to sue." 28 F. Supp. 3d at 569 (emphasis added).

Imagine if Family Dollar and an employee decided to bypass their arbitration agreement and opted to litigate a dispute in court. Could AAA enjoin them from litigating in court and make them arbitrate? Could AAA sue them for the fees it would have realized had they arbitrated? The suggestions are laughable because Family Dollar and its employees self-evidently did not enter the arbitration agreements in order to give AAA a fee. They did so to provide a means for them to resolve any future disputes between them. Benefitting AAA plainly is not the agreements' purpose, and AAA does not allege otherwise.

That the agreements include a provision in which Family Dollar agreed to pay arbitrators' fees and costs does not alter that conclusion. That provision, § 10 of the agreements, reads in pertinent part: "The Company shall pay the fees and costs of the Arbitrator and/or that are assessed by the organization through which the arbitration is conducted." *See* **Exhibits A, B** and **C** at § 10. That provision does not bestow an enforceable benefit on AAA (even assuming the provision refers to the administrative fees AAA seeks in this action, which are distinct from the fees and costs of the person who serves as the arbitrator). ***The provision bestows a benefit on the employees***. It allows employees to shift the cost of arbitration to Family Dollar. The employees are benefitted by that arrangement, not the "organization through which the arbitration is conducted."

That § 10 was not included in the agreements to benefit AAA is underscored by § 14 of the agreements. That section expressly states that Family Dollar's agreement to pay arbitration fees is part of the consideration for the employee's agreement to arbitrate. *See* **Exhibits A, B,** and **C** at § 14. As that provision makes plain, Family Dollar's purpose for § 10 was to obtain the employees' agreement to arbitrate; the employees' purpose was to shift the cost of arbitration to Family Dollar. No mention is made of benefitting AAA.

AAA cannot claim third party beneficiary status based on § 10 of the arbitration agreements for another reason as well—§ 10 refers to a broad class of potential arbitral organizations of which AAA is only one possibility. Such provisions do not confer third party beneficiary status. As the Court held in *Williams*: "it is not enough that the third-party is 'only one member of a large class' of possible beneficiaries under the contract." 28 F. Supp. 3d at 569, quoting *Kelly Healthcare v. Prudential*, 226 Va. 376, 309 S.E.2d 305 (1983).

*Kelly Healthcare* is instructive. That case concerned a health insurance policy issued by an insurer to an individual. A health care provider that treated the individual sued the insurer to recover its fees for the treatment. The provider claimed it was a third party beneficiary of the insurer's covenant in the policy to pay the individual's medical bills. The Supreme Court of Virginia rejected the claim, holding that the provider "could not" claim it was a third party beneficiary because it was "only one member of a large class of health care providers" and was at best a "potential or incidental beneficiary." *Kelly Healthcare*, 226 Va. at 380, 309 S.E.2d at 307.

Just as the insurer's covenant with its insured to pay the insured's medical expenses did not elevate the provider to a third party beneficiary, Family Dollar's covenant with its employees to pay arbitrators' fees and costs does not make AAA a third party beneficiary of the arbitration agreements. AAA is no more than a "potential or incidental" beneficiary as a matter of law.

### B. The Counterclaim Does Not Allege A Valid Unjust Enrichment Claim Because AAA Does Not Allege Facts Showing It Benefitted Family Dollar.

A claim for unjust enrichment under Virginia law is tightly circumscribed. As the Supreme Court has cautioned, unjust enrichment "is a term of art" that "is very far from imposing liability for every instance of what might plausibly be called unjust enrichment." *James Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 647 (2020), quoting Restatement (Third) of the Law of

Restitution and Unjust Enrichment, § 1 at 5 (2011). "A variety of limiting principles restrict the reach of this doctrine." *Id*.

To state a claim under this limited doctrine, the plaintiff must plead facts that plausibly establish the following particularized elements:

(1) The plaintiff conferred a benefit on the defendant;

(2) The defendant knew of the benefit; and

(3) The defendant accepted or retained the benefit in circumstances that render it inequitable for the defendant to retain the benefit without paying for it.

*Village Builders on the Bay, Inc. v. Cowling*, 321 F. Supp. 3d 624, 629 (E.D. Va. 2018); *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005). *Accord, James Davis Constr.*, 841 S.E.2d at 650; *T. Musgrove Constr.*, 840 S.E.2d at 341.

Naked recitation of the foregoing elements is insufficient. The plaintiff must plead "factual content beyond labels and conclusions that allow the Court to draw the reasonable inference" that all three elements are satisfied. *Rosetta Stone Ltd. v. Google Inc.*, 732 F. Supp. 2d 628, 632 (E.D. Va. 2010) (dismissing unjust enrichment claim). Where the factual allegations are inadequate, the claim must be dismissed, as this Court has repeatedly done to unjust enrichment counts that rest on conclusory, vague allegations. *E.g.*, *Dominion Surgical Specialists, LLC v. Carefirst Blue Cross Blue Shield Ins. Co.*, No. 1:19cv01547, 2020 U.S. Dist. LEXIS 95998, at *9 (E.D. Va. Feb. 19, 2020) (dismissing unjust enrichment count even though complaint averred that plaintiff benefitted defendant, because complaint did not allege facts "to show what this benefit was or how Defendant accepted it"); *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:15cv679, 2016 U.S. Dist. LEXIS 121043, at *21 (E.D. Va. Sept. 7, 2016) (dismissing unjust enrichment count where complaint averred plaintiff conferred a benefit but was ambiguous about what the benefit was).

Here, AAA's counterclaim fails to allege facts sufficient to establish the threshold requirement that AAA conferred a benefit on Family Dollar. AAA avers in a conclusory way that it conferred benefits upon Family Dollar. Counterclaim ¶ 113. That is of no moment. Its conclusory assertion is unsupported by factual allegations that show it is true. AAA identifies no money, property or other thing of value it conferred on Family Dollar. Like the unjust enrichment claim the Court dismissed in *Dominion Surgical Specialists*, AAA avers it benefitted Family Dollar without facts "to show what this benefit was or how Defendant accepted it." *Dominion Surgical Specialists, LLC*, 2020 U.S. Dist. LEXIS 95998, at *9. AAA offers nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555.

AAA points to Family Dollar's arbitration agreements with its employees. AAA says those agreements allowed Family Dollar "to avoid damages and judgments rendered by juries," Counterclaim ¶ 107, and "have allowed Family Dollar to avoid the expense of defending against class action claims and putative class action complaints." *Id*. ¶ 108. For two reasons, however, those allegations cannot provide the benefit on which AAA can rest an unjust enrichment claim.

First, *AAA* did not provide those alleged benefits. The alleged benefits are a consequence of the contracts between Family Dollar and its employees, contracts to which AAA is not a party and that pre-date by years any involvement by AAA with the arbitration demands at issue. AAA cannot base an unjust enrichment claim on an alleged benefit someone else provided. *E.g.*, *Hair Club For Men LLC v. Ehson*, No. 1:16cv236, 2016 U.S. Dist. LEXIS 118069, at *25 (E.D. Va. Aug. 31, 2016) (dismissing unjust enrichment claim where third person, and not the plaintiff, provided the alleged benefit to the defendant).

Second, an unjust enrichment claim cannot rest on contract rights. The Supreme Court of Virginia had made clear that the "existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc. v. FCi Fed., Inc.*, 295 Va. 506, 519, 814 S.E.2d 183, 190 (2019). *Accord*, *Jones v. Bank of Am. Corp.*, No. 4:09cv162, 2010 U.S. Dist. LEXIS 142918, at *23 (E.D. Va. Aug. 24, 2010) ("It is clearly established that under Virginia law, a plaintiff cannot bring a claim of unjust enrichment where the parties have an express contract that covers the matter at issue."). An unjust enrichment claim that depends on benefits allegedly bestowed by contract thus fails to state a claim. *Chapman*, 2016 U.S. Dist. LEXIS 121043, at *20 ("By alleging that the unjust enrichment claim depends on the existence of the contract that [defendant] allegedly breached, [plaintiff] cannot plead unjust enrichment in the alternative to breach of contract.").

Likewise of no moment are AAA's allegations that its personnel spent an unspecified amount of time and effort providing "administrative services" in connection with the arbitration demands. Counterclaim ¶ 71. Apart from the fact most of that time and effort was spent resisting Family Dollar's insistence that AAA not act on the demands—and thus were inimical, rather than beneficial, to Family Dollar's interests—AAA is not entitled to compensation for its alleged time and effort under unjust enrichment. Recovery for unjust enrichment "is limited to the benefit realized and retained by the defendant." *T. Musgrove Constr.*, 840 S.E.2d at 341, citing *Schmidt v. Household Fin. Corp. II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008). The Supreme Court of Virginia made this clear in rejecting an unjust enrichment claim where a plaintiff, like AAA, sought its standard "administrative fee" for services:

> [Plaintiff] cannot claim an administrative fee. That fee was to "[t]ake care of all paperwork, clerical work, answer the phone calls, people come get their things, people come in after hours to clean their vehicles out, somebody has got to be there to close the gates, got to meet them there." ***That fee benefits [Plaintiff],***

> ***but [Defendant] is not unjustly enriched in any way in connection with a charge to cover [Plaintiff's] administrative overhead***.

*T. Musgrove Constr.*, 840 S.E.2d at 343 (emphasis added).

That leaves only AAA's cryptic assertions that Family Dollar and the claimants "used the AAA and its forum to further settlement negotiations," Counterclaim ¶ 84, and that Family Dollar "utilized AAA's rules and services to negotiate a settlement agreement." *Id.* ¶ 116. Those allegations are vague beyond the point of being meaningless. They are the type of ambiguous assertions that do not make the count plausible. AAA does not allege that it mediated the settlement, so what "services" did AAA provide, how did Family Dollar "utilize" them, and how did that benefit Family Dollar? The counterclaim does not explain. *Jeffrey J. Nelson & Assocs. v. LePore*, 2012 U.S. Dist. LEXIS 93097, at * 33-34 (E.D. Va. July 5, 2012) (dismissing unjust enrichment counterclaim that "failed to allege what services were performed, as well as the value of those services and when those services were performed.").

In sum, the counterclaim does not allege facts that plausibly support the inference that AAA conferred a benefit on Family Dollar. The Court should thus dismiss its unjust enrichment count.

## VI. Conclusion

Neither count of the counterclaim pleads a valid cause of action. The Court should dismiss both of them.

Respectfully submitted,

/s/ Michael R. Shebelskie
Lewis F. Powell III (VSB No. 18266)
Michael R. Shebelskie (VSB No. 27459)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street – East Tower
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

lpowell@HuntonAK.com
mshebelskie@HuntonAK.com

Wendy C. McGraw (VSB No. 37880)
HUNTON ANDREWS KURTH LLP
500 E. Main Street, Suite 1301
Norfolk, Virginia  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
wmcgraw@HuntonAK.com

**ATTORNEYS FOR PLAINTIFF**
**FAMILY DOLLAR, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I have electronically filed the foregoing using the

Court's CM/ECF system, which will automatically send email notification of such filing to all

counsel of record, including the following:

> S. Miles Dumville (VSB No. 15748)
> Alison Wickizer Toepp (VSB No. 75564)
> REED SMITH LLP
> Riverfront Plaza – West Tower
> 901 East Byrd Street, Suite 1900
> Richmond, Virginia 23219
> Telephone: (804) 344-3400
> Facsimile: (804) 344-3410
> smdumville@reedsmith.com
> atoepp@reedsmith.com
>
> Counsel for American Arbitration Association, Inc.

> /s/ Michael R. Shebelskie
> Michael R. Shebelskie (VSB No. 27459)
> HUNTON ANDREWS KURTH LLP
> 951 E. Byrd Street – East Tower
> Richmond, Virginia 23219
> Telephone: (804) 788-8200
> Facsimile: (804) 788-8218
> mshebelskie@HuntonAK.com