# EXHIBIT A

# FAMILY DOLLAR, INC.
# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

**1. INTRODUCTION:** This Mutual Agreement to Arbitrate Claims ("Agreement") is between me and Family Dollar, Inc. (the "Company").  Any reference to Company will be a reference also to Company's parents, subsidiaries, partners, divisions, and affiliated entities, and all successors and assigns of any of them.  The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Agreement, which evidences a transaction involving commerce, and the Company and I agree that the Company is engaged in transactions involving interstate commerce.  **All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial**.

**2. DISPUTES COVERED BY THE AGREEMENT:** The Company and I mutually consent and agree to the resolution by arbitration of all claims or controversies, past, present or future ("Disputes"), including without limitation, claims arising out of or related to my application for assignment/employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following:  (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

Further, covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Agreement or any portion of the Agreement is void or voidable, with the exception noted in section 7, below, the "Class Action Waiver."

Except as otherwise provided, this Agreement covers the following legal claims that either the Company or I could bring arising out of or relating to my employment relationship with the Company, including, but not limited to: (i) discrimination based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy or any other characteristic protected by federal, state or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, (iii) torts, including, but not limited to, defamation, invasion of privacy, infliction of emotional distress, or workplace injury not otherwise covered by applicable workers' compensation laws, (iv) all employment related laws, including, but not limited to, Title VII of the Civil Rights Act, the Civil Rights Acts and amendments of 1866, 1871 and 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Equal Pay Act, Genetic Information Nondiscrimination Act, the Family and Medical Leave Act, the Worker Adjustment Retraining  and Notification Act, the Fair Labor Standards Act, and any amendments to these laws, and any such related or similar state or local laws, (v) any federal, state or local law or common law doctrine for breach of contract, promissory estoppel, wrongful discharge or conversion, (vi) claims for interference with rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or other claims concerning administration of ERISA plans not excluded below, and (vii) claims under federal or state law regarding wages (including without limitation claims for pay, minimum wage and overtime), wage penalties, meal and rest breaks, classification, reimbursement of expenses, compensation, stock or incentive bonus plans, or intellectual property rights and associated laws.

**3. CLAIMS NOT COVERED BY THE AGREEMENT:** I agree that the following claims are not considered as a covered Dispute and are excluded under the Agreement: (i) Workers' Compensation benefit claims; (ii) state unemployment or disability insurance compensation claims; (iii) claims for benefits under employee benefit plans covered by ERISA that contain an appeal procedure or other exclusive and/or binding dispute resolution procedure in the respective plan; (iv) claims under the National Labor Relations  Act within the jurisdiction of the National Labor Relations Board; and (v) claims that the Dodd-Frank Wall Street Reform and Consumer Protection Act or other controlling federal statutes bar  from the coverage of mandatory pre-dispute arbitration agreements.

The Company and I may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be ineffectual without such provisional relief; provided, however, that all issues of final relief shall be decided in arbitration, and the pursuit of the temporary or preliminary injunctive relief described herein shall not constitute a waiver of rights under this Agreement.

**Pending Claims:** This Agreement does not apply to any civil lawsuit that was already filed by the Company or filed by me or on my behalf (whether individually or as a member of a class) ("Pending Claims") prior to the date that this Agreement is signed by me.  However, this Agreement does apply to any civil lawsuit or other covered Dispute which is filed after I sign this Agreement.  This Agreement also applies to any civil lawsuit that was filed before I began my employment with the Company, including without limitation civil lawsuits alleging class or collective claims on behalf of employees.

**4. HOW TO INITIATE ARBITRATION OF COVERED DISPUTES:** The Company and I agree that the aggrieved party must make a written "Request for Arbitration" of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that applicable state or federal law prescribes for the claim.  The parties are

encouraged to make written Request for Arbitration of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written Request for Arbitration to the Company, or its officers, directors, employees or agents, shall be sent to its home office, currently at: Arbitration Intake, Family Dollar, PO Box 1017, Charlotte, NC 28201, to the attention of the Office of General Counsel. I will be given written Request for Arbitration at the last home address I provided in writing to the Company. The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration". The Request for Arbitration shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

**5. THE ROLE OF ADMINISTRATIVE AGENCIES:** Disputes may be brought before an administrative agency to the extent applicable law permits access to an agency notwithstanding an agreement to arbitrate covered Disputes, including, but not limited to, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board and the Office of Federal Contract Compliance Programs. Nothing in the Agreement shall be construed to: (i) relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law, or (ii) prevent either party from cooperating with a federal or state body as required by law. The Company will not retaliate against me for filing a claim with an administrative agency.

**6. CLASS AND REPRESENTATIVE ACTION WAIVERS: THE COMPANY AND I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any instance in which the Dispute is brought as a class and/or collective action. THE COMPANY AND I ALSO HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A REPRESENTATIVE ACTION ("Representative Action Waiver").** However, this Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law.

Notwithstanding any other clause contained in this Agreement, any claim that this Class Action Waiver or Representative Action Waiver, or any portion of this Class Action Waiver or Representative Action Waiver, is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator.

**7. REPRESENTATION:** Any party may be represented by an attorney selected by the party. I understand and agree that I have been given the opportunity to discuss this Agreement with my private legal counsel and have availed myself of that opportunity to the extent I wish to do so.

**8. PROCEDURES AND RULES:** The parties shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual agreement.

If the parties are not able to mutually agree to an arbitrator and/or arbitration sponsoring organization, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall be in accordance with the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available through the Company's Human Resources Department or via the internet at www.adr.org/employment). Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator"). Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company.

In the event the parties mutually choose a sponsoring organization, or AAA is designated, the Arbitrator shall be selected as follows: The organization selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains, with the party to strike first to be determined by a coin toss. If no common name remains on the lists of all parties, the selected organization shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains. That person shall be designated as the Arbitrator.

**9. DISCOVERY AND SUBPOENAS:** Each party shall at a minimum have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party. Additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a request by either party. Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

**10. ARBITRATION FEES AND COSTS:** The Company shall pay the fees and costs of the Arbitrator and/or that are assessed by the organization through which the arbitration is conducted.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law. In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

**11. JURISDICTION OF ARBITRATOR:**

a) The Arbitrator may award to me or the Company any remedy to which that party is entitled under applicable law (including, but not limited to, legal, equitable and injunctive relief), but such remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the Disputes presented to and decided by the Arbitrator. The Arbitrator shall apply the substantive law of the state in which the claim arose, or federal law, or both, as applicable to the claims asserted. The Arbitrator is without jurisdiction to apply any different substantive law.

b) The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to hear and decide dispositive motions, and/or a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is then before him or her.

c) The Arbitrator shall render an award by written opinion no later than 30 days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the decision.

**12. JUDICIAL REVIEW:** Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

_____
Employee Signature
_____
Date

*Bryan Venberg* (signature)

_____
Bryan Venberg, Senior Vice President, Human Resources

**13. CONSTRUCTION:** Except as provided in section 6, "Class and Representative Action Waivers" above, if any provision of this Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such provision shall, without affecting the validity of the remainder of the Agreement, be: (i) modified to the extent necessary to render such term or provision enforceable preserving to the fullest extent possible the intent and agreements herein, or (ii) to the extent such modification is not permissible, severed from this Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement or any other provision of the Agreement.

**14. CONSIDERATION:** I and the Company agree that the mutual obligations by the Company and me to arbitrate Disputes, and my employment and/or continued employment, and the Company's payment of fees and costs of the arbitrator and/or that are assessed by the organization through which the arbitration is conducted (including my filing fee) provide adequate consideration for this Agreement.

**15. AT WILL EMPLOYMENT:** I understand and agree that this Agreement does not in any way alter the "at-will" status of my employment.

**16. SOLE AND ENTIRE AGREEMENT:** I agree that this is the complete agreement of the parties on the subject of arbitration of Disputes. This Agreement shall survive the termination of my employment and the expiration of any benefit. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. This Agreement does not supersede any restrictive covenant(s) or confidentiality obligations previously entered into by me and the Company.

**BY CLICKING THE "I ACCEPT" BUTTON OR SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT.**

_____
Employee Name Printed

**MUTUAL AGREEMENT TO ARBITRATE CLAIMS**                                    **PAGE 3 OF 3**